JAMES A. BALL AND CANDICE R. BALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ball v. Commissioner
Docket No. 23569-90
United States Tax Court
T.C. Memo 1992-165; 1992 Tax Ct. Memo LEXIS 177; 63 T.C.M. (CCH) 2474; March 23, 1992, Filed *177 An appropriate order and decision will be entered. James A. Ball and Candice R. Ball, pro se. Scot Simpson, for respondent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on respondent's motion to dismiss for lack of prosecution. Respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1986
$ 180,394
$ 25,956
$ 9,020
[1]
$ 45,099
1987
35,931
5,374
1,797
[2]
8,983
All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Petitioners, through counsel, filed their petition while residing in Jacksonville, Florida. On August 13, 1992, the Court served a Notice Setting Case *178 For Trial and a Standing Pre-Trial Order on the parties. The Notice Setting Case For Trial states in part: The parties are hereby notified that the above-entitled case is set for trial at the Trial Session beginning on January 13, 1992. The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
This notice was not returned by the Post Office, and we find it was received by petitioners. Petitioners did not advise the Court of a change of address. The Notice Setting Case For Trial and the Standing Pre-Trial Order also required the parties to cooperate and to stipulate facts to the maximum extent possible, which petitioners have failed to do. Petitioners did not seek a continuance. In support of her motion to dismiss for lack of prosecution, respondent states and relies upon the following: 1. A Branerton[1] letter was sent to the petitioners on October 3, 1991, at 507 North Lane Avenue, Jacksonville, Florida 32205. [2] Said letter was returned as "moved left no address, *179 unable to forward, return to sender". 2. Respondent's interrogatories to petitioners were mailed to petitioners on October 15, 1991, to the same address noted above. The interrogatories were returned to the respondent as undeliverable. 3. On October 29, 1991, this Court granted a Motion to Withdraw filed by petitioners' counsel. In his motion, petitioners' counsel notes that he has been unable to locate petitioners and that they failed to cooperate with him in the preparation of their case. 4. Respondent has contacted the revenue agent who conducted the examination of the petitioners and searched its computer records without being able to obtain a new address for petitioners. Petitioners' telephone in Jacksonville has been disconnected and respondent has been unable to determine a new telephone number for petitioners. 5. On November 19, 1991, respondent mailed copies of the Branerton letter and interrogatories to an address in Orlando, Florida, at which respondent believed that either petitioners' mother or sister resided and asked that these items be forwarded to petitioners. 6. In mid-December of 1991, petitioner's sister, Diane Henderson, [3] contacted respondent *180 and wanted to discuss petitioners' case. Respondent informed petitioner's sister that she could not discuss petitioners' case with her and asked that she have petitioners contact respondent as soon as possible so that respondent could prepare the case for trial. At the time this motion was prepared, respondent has had no contact with the petitioners in this case.
*181 This case was regularly called for trial at the trial session of this Court on January 13, 1992, at Jacksonville, Florida. Counsel for respondent appeared and announced ready for trial. No appearance was made by or on behalf of petitioners. All the material allegations of fact set forth in the petition in support of the assignments of error have been denied by respondent in her answer. No issues have been raised upon which the burden of proof is upon respondent, and respondent has not conceded any error assigned in the petition. Additionally, no evidence has been adduced in support of the assignments of error raised in the petition. The Court may dismiss a case for failure to properly prosecute if a party unexcusably fails to appear when the case is called for trial. Rule 149(a). Petitioners moved and left no forwarding address. Likewise, petitioners failed to inform the Court, respondent, or their attorney of record of their move. Respondent attempted to locate petitioners and was contacted by the sister of one of the petitioners, from which we infer that petitioners were aware of their duty to proceed with the prosecution of their case. However, the contact with the *182 sister failed to result in petitioners' contacting respondent or the Court. We find petitioners' failure to appear was intentional. Dismissal is warranted in this case for lack of prosecution. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest due on $ 180,394. ↩
2. 50 percent of the interest due on $ 35,931.↩
1. A Branerton↩ letter refers to , in which we directed the parties to participate in informal discovery between themselves before attempting to invoke the formal discovery procedures in our Rules of Practice and Procedure. 2. It is not clear why respondent sent the letter and interrogatories directly to petitioners rather than to petitioners' counsel, but perhaps it was at counsel's request. We note that in his motion to withdraw filed October 23, 1991, counsel states he requested information from petitioners on March 22, 1991, March 29, 1991, May 8, 1991, July 8, 1991, and August 21, 1991, all without response from petitioners. ↩
3. The record is unclear which petitioner is the sibling of Diane Henderson.↩